# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAUL TUTTOBENE,<br><br>    Plaintiff<br><br>v.<br><br>TRANS UNION, LLC and NEW AMERICAN FUNDING,<br><br>    Defendants | Case No.: 2:19-cv-01999-APG-NJK<br><br>**Order Denying Plaintiff's Motion to Seal**<br><br>[ECF No. 30] |

Plaintiff Paul Tuttobene moves to seal two exhibits to his motion for summary judgment. ECF No. 30. Specifically, he seeks to seal the entirety of a deposition transcript and a document created by defendant Trans Union. *See* ECF Nos. 29, 29-1. The only reason Tuttobene offers for sealing them is that the defendants labeled them "confidential" when producing them. That is not a sufficient reason to seal.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However,

avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

And in this case, Magistrate Judge Koppe previously ordered that:

> **All motions to seal must address the applicable standard and explain why that standard has been met.** The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document.

ECF No. 25 at 2 (emphasis in original). The mere fact that one party designated information as confidential under a protective order does not satisfy this standard.

In addition, Tuttobene has sealed both of these exhibits in their entirety with no attempt to redact non-confidential information. Clearly the deposition transcript should not be sealed in its entirety. Only those portions that contain specific reference to confidential documents or information may be filed under seal. The remainder of the exhibits that do not contain confidential information must be filed as publicly-accessible documents.

I will allow the filing to remain sealed temporarily so the parties may confer about what, if any, portions of these exhibits should be sealed. If any party determines that a portion of the filing should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing within 14 days of the date of this order. Any motion to seal must set forth compelling reasons to support sealing those portions.

I THEREFORE ORDER that the plaintiff's motion **(ECF No. 30) is denied without prejudice. The clerk shall maintain the sealed exhibits (ECF Nos. 29, 29-1) under seal pending further order.**

I FURTHER ORDER the parties to confer about what, if any, portions of exhibits should be sealed. If any party determines that a portion of the exhibits should remain sealed, that party

must file a motion to seal along with a proposed redacted version of the filing.  Any motion to seal must set forth compelling reasons to support sealing.

      I FURTHER ORDER that if a motion to seal is not filed within 14 days of the date of this order, the exhibits (ECF Nos. 29, 29-1) will be unsealed.

      DATED this 8th day of October, 2020.

                                              ANDREW P. GORDON
                                              UNITED STATES DISTRICT JUDGE