# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PAUL TUTTOBENE,

    Plaintiff

v.

TRANS UNION, LLC and NEW
AMERICAN FUNDING,

    Defendants

Case No.: 2:19-cv-01999-APG-NJK

**Order**

[ECF Nos. 28, 31, 54]

    Plaintiff Paul Tuttobene sues Trans Union, LLC, a credit reporting agency (CRA), for alleged violations of the Fair Credit Reporting Act (FCRA) after Trans Union refused to change its reporting of Tuttobene having a 30-day late payment to creditor New American Funding (NAF).[1]  Tuttobene paid his mortgage electronically, but NAF's computer system rejected his payment for January 2018 because the attempted payment had the wrong account number on it. By the time Tuttobene corrected the error, more than 30 days had passed from the payment's due date, so NAF reported to Trans Union that Tuttobene was 30 days late for that payment.

    Tuttobene disputed with both NAF and Trans Union that he was late because he timely attempted payment by the same method that had worked in previous months.  NAF affirmed its position that the payment was late because the electronic payment processing system rejected it automatically due to the incorrect account number.  Tuttobene sent two dispute letters to Trans Union, but each time, Trans Union declined to change the report because NAF indicated the payment was late.  Tuttobene alleges Trans Union failed to conduct a reasonable investigation,

---

[1] Tuttobene and NAF settled in this matter. ECF No. 19.

continued to report inaccurate information, failed to maintain procedures to ensure accurate reporting, and failed to indicate on future reports that he disputed the negative information.

The parties move for summary judgment. Tuttobene also moves for leave to file a surreply, which Trans Union opposes. I grant Trans Union's motion for summary judgment and deny Tuttobene's motions for summary judgment and for leave to file a surreply.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party also bears the burden of persuasion at trial, to prevail "on summary judgment it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (quotation omitted). If the moving party makes an initial showing, the burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017). When

simultaneous motions for summary judgment on the same claim are before me, I "must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001).

## A. Section 1681i(a)

Tuttobene moves for summary judgment on his claim that Trans Union violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation upon receiving Tuttobene's dispute letters. Tuttobene argues that Trans Union did nothing beyond sending the dispute to NAF and accepting whatever response NAF provided. Trans Union moves for summary judgment, arguing that its report that the payment was 30 days late was accurate, its reinvestigation was reasonable, and Tuttobene has no recoverable damages.

If a consumer advises a CRA that he disputes information on his credit report, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving notice of the dispute. 15 U.S.C. § 1681i(a)(1)(A). To establish a claim that a CRA violated § 1681i(a), the consumer must show an inaccuracy in the reported information. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (citing *Dennis v. BEH–1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008)). A "credit entry can be incomplete or inaccurate within the meaning of the FCRA because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (quotation omitted).

Tuttobene contends the 30-day late report was materially misleading because by reporting his payment as late, as opposed to attempted but rejected, Trans Union suggested Tuttobene was more financially irresponsible than he was.  Trans Union responds that Tuttobene cannot show Trans Union's reporting was inaccurate because his payment was late and he merely disputes whether NAF should have reported it as late given his attempted payment. Trans Union contends Tuttobene's claim is effectively a collateral attack on NAF's decision to consider his payment late and Trans Union is not in a position to resolve this kind of dispute between a furnisher of information and a consumer.  Trans Union argues that there is no obligation for it to provide information about the consumer's justification for a late payment except through the requirement to include a statement of dispute where the consumer properly requests one.  In his response to Trans Union's motion, Tuttobene argues he is not collaterally attacking the validity of his debt to NAF or whether NAF considered the payment late; rather, he is disputing the way Trans Union is reporting the late payment without including additional information to make the report not misleading.

Tuttobene's 1681i(a) claim fails as a matter of law because there is no inaccuracy in Trans Union's reporting and there is no genuine dispute about that.  First, reporting the 30-day late payment is not patently inaccurate because Tuttobene's payment was late, even though he attempted to make the payment on time.  Because Tuttobene failed to provide the correct account number, NAF's computer system automatically rejected the payment and Tuttobene did not otherwise make the payment before it was more than 30 days overdue. ECF Nos. 31-15 at 8; 31-16 at 11-19, 28-29, 35-37.

Second, Trans Union's reporting was not materially misleading.  Although Tuttobene contends he is disputing the way Trans Union reported the 30-day late notation, his dispute is, at

4

bottom, that NAF should not have reported him as late because he tried to make timely payment in the same manner that he had made prior payments that were accepted, and he promptly made payment after the error was brought to his attention. *See* ECF Nos. 31-15 at 10-11. But NAF has never changed its position that Tuttobene's payment was more than 30 days late. ECF Nos. 31-16 at 28-31, 38; 31-17 at 19. Trans Union is not in a position to adjudicate that dispute between a consumer and a furnisher of information. *See Carvalho*, 629 F.3d at 891-92 (stating that "credit reporting agencies are not tribunals," and thus need not "provide a legal opinion on the merits" of a dispute between a consumer and the furnisher or refrain from reporting disputed information where the consumer asserts a legal defense).[2] A CRA thus does not violate § 1681i(a) by accurately reporting a late payment even if the consumer has a good explanation for why the payment was late.

Instead, FCRA provides a means for a consumer to explain why he defaulted through the dispute process. FCRA "allow[s] consumers who are dissatisfied by a reinvestigation to file a brief explanatory statement to be reported along with the disputed item." *Id.* at 892 (citing 15 U.S.C. § 1681i(b)-(c)). A consumer thus may provide potential creditors with "both sides of the

---

[2] The cases Tuttobene relies on to argue that not providing the consumer's justification is misleading involve the furnisher of information not providing a complete picture of the surrounding circumstances. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619 (6th Cir. 2018); *Diehl v. Money Source, Inc.*, No. 17-0125-WS-B, 2018 U.S. Dist. LEXIS 99567 (S.D. Ala. June 13, 2018); *Henry v. Ocwen Loan Servicing, LLC*, No. 17cv0688 JM(NLS), 2017 U.S. Dist. LEXIS 136154 (S.D. Cal. Aug. 23, 2017); *Kianpour v. Wells Fargo Bank, N.A.*, No. CV 17-01757 SJO (GJSx), 2017 U.S. Dist. LEXIS 229380 (C.D. Cal. July 17, 2017); *Skidmore v. Access Grp., Inc.*, No. 14-13031, 2015 U.S. Dist. LEXIS 151541 (E.D. Mich. Nov. 4, 2015); *Ying Chang v. CitiMortgage, Inc.*, No. 3:12-cv-01884-HU, 2013 U.S. Dist. LEXIS 158377 (D. Or. Aug. 27, 2013). Those rulings are distinguishable because, as explained in *Carvalho*, a furnisher "stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." 629 F.3d at 892 (quotation omitted); *see also* 15 U.S.C. § 1681s-2(a) (imposing a duty on furnishers of information to provide complete and accurate information to CRAs).

story" to allow creditors to "reach an independent determination of how to treat a specific, disputed account." *Id.* (quotation omitted).

Because Trans Union's report of the 30-day late payment was accurate, Tuttobene's claim under § 1681i(a) fails as a matter of law. I therefore deny Tuttobene's motion and grant Trans Union's motion for summary judgment on this claim.

**B. Section 1681e(b)**

Tuttobene moves for summary judgment on his claim that Trans Union violated 15 U.S.C. § 1681e(b) by failing to have procedures to address a consumer's explanation for why a payment was late. Trans Union moves for summary judgment on this claim, again arguing that its reporting was accurate, its procedures were reasonable, and Tuttobene has no recoverable damages.

Section 1681e(b) requires a CRA to "follow reasonable procedures to assure maximum possible accuracy of the information about whom the report relates." Liability under § 1681e(b) "is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Like a claim under § 1681i(a), a consumer asserting a § 1681e claim must show that the CRA "prepared a report containing inaccurate information." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quotation omitted).

As discussed, no genuine dispute remains that Trans Union's report was accurate. I therefore deny Tuttobene's motion and grant Trans Union's motion for summary judgment on this claim.

////

////

### C.  Section 1681i(c)

Tuttobene moves for summary judgment on his claim that Trans Union violated 15 U.S.C. § 1681i(c) by failing to include a statement on future reports that he disputed the 30-day late notation.  Trans Union moves for summary judgment, arguing that Tuttobene did not request a statement of dispute after the reinvestigations as required, instead requesting it in his initial dispute letters.  In his response to Trans Union's motion, Tuttobene concedes his June dispute letter could not trigger the duty to include a statement of dispute, but he notes that he filed a second dispute letter in August that also requested a statement of dispute, which was after Trans Union's initial reinvestigation from the June letter.  Tuttobene contends Trans Union should have treated the August letter as a request for a statement of dispute because it followed Trans Union's initial reinvestigation and he attached the June dispute letter.  In Trans Union's response to Tuttobene's motion, Trans Union argues that this claim fails for the additional reasons that Tuttobene failed to include a reportable statement in his dispute letters and that he has not presented evidence that Trans Union sent a credit report to a creditor without a statement of dispute after Tuttobene requested one.

Section 1681i(b) provides that if a reinvestigation does not resolve a consumer's dispute, the consumer "may file a brief statement setting forth the nature of the dispute."  Section 1681i(c) requires the CRA to note on any future reports any nonfrivolous dispute and "provide either the consumer's statement or a clear and accurate codification or summary thereof."

To establish a claim under § 1681i(c), a consumer must show that (1) he disputed an item in his file, (2) the CRA's reinvestigation did not resolve the dispute, (3) he thereafter requested a statement of dispute be included in future reports, and (4) the CRA failed to include the requested statement in subsequent copies of his consumer reports. *Guimond*, 45 F.3d at 1335.

Because the consumer must show that the reinvestigation did not resolve the dispute before requesting a statement of dispute, putting the request in the initial dispute letter does not suffice to trigger the CRA's duty to include a statement of dispute in future reports. *See id.* ("Since a statement of dispute under § 1681i(b) need only be filed if the reinvestigation provided for in § 1681i(a) does not resolve the consumer's complaint, the district court was correct in concluding that reinvestigation is a predicate to the filing of a statement of dispute, and hence that statement's inclusion in any consumer report."); *Florence v. Experian Info. Sols., Inc.*, 775 F. App'x 308, 309 (9th Cir. 2019) ("After Experian finished the reinvestigations, the Florences did not submit any subsequent statement of dispute. Therefore, the absence of a statement of dispute does not make the rereporting materially misleading.").

### 1. Tuttobene's Motion

In response to Tuttobene's motion, Trans Union argued, among other things, that Tuttobene has not provided evidence that Trans Union sent a credit report to a creditor without a statement of dispute after Tuttobene requested one. ECF No. 45 at 17. Tuttobene did not reply to this argument or point to evidence that would raise a genuine dispute on that issue. ECF No. 48. Trans Union made the same argument in its reply on its own motion for summary judgment. ECF No. 49 at 16-17.

About a month after the summary judgment briefing concluded, Tuttobene filed a motion for leave to file a surreply, arguing that Trans Union raised new arguments for the first time in its reply. Among the arguments he identified as being new was Trans Union's argument that Tuttobene had not shown that a credit report was sent to a creditor without the requested statement of dispute. ECF No. 54 at 3-4. He presented additional evidence with the surreply showing that in December 2019, Trans Union disclosed a credit report to Loan Depot. *Id.* at 4;

ECF No. 54-2 at 9. Trans Union opposes the motion for leave to file a surreply, arguing that none of the arguments it raised were new or the arguments were fair responses to issues raised in Tuttobene's opposition. ECF No. 56.

Under Local Rule 7-2(b), a surreply is "not permitted without leave of court" and is "discouraged." Tuttobene has failed to support his request for a surreply on this issue. Trans Union argued in its response to Tuttobene's motion that he lacked evidence of the credit report being sent to a creditor without the statement of dispute. Tuttobene could and should have responded to that in his reply, but he did not. Because the argument was not new, I deny his motion for leave to file a surreply.[3] And because he presented no evidence to support the last element of his § 1681i(c) claim, I deny his motion for summary judgment on this claim.

### 2. Trans Union's Motion

#### a. June 2019 Dispute Letter

Tuttobene's June 2019 dispute letter does not qualify as a request for a statement of dispute because it pre-dated Trans Union's reinvestigation. ECF Nos. 28-1 at 2-3; 28-4. I therefore deny Tuttobene's motion and grant summary judgment in Trans Union's favor to the extent this claim is based on the request for a statement of dispute included in the June 2019 dispute letter.

#### b. August 2019 Dispute Letter

Trans Union reported the results of its reinvestigation from the June 2019 dispute letter on June 27, 2019. ECF Nos. 28-1 at 3; 28-6. On August 5, 2019, Tuttobene sent a second letter to Trans Union. ECF No. 28-7. It is identical to the June 2019 letter except for the date, and it

---

[3] The other points raised in the reply do not impact the resolution of the parties' summary judgment motions, so I deny leave to file the surreply in its entirety.

included as an attachment the June 2019 dispute letter. *Id.* at 6-7; ECF No. 28-4.  In both letters, Tuttobene requested Trans Union to send the dispute to NAF, to correct the credit report, and to "include a statement on my credit report stating that I dispute the above information" if no correction was made. ECF Nos. 28-4; 28-7.

Tuttobene contends that the August 2019 letter qualifies as a request for a statement of dispute because he sent it after Trans Union completed its reinvestigation from the June 2019 dispute letter.  Trans Union contends the letter is an initial dispute letter asking for a second reinvestigation, and thus is not a request for a statement of dispute because it pre-dates Trans Union's second reinvestigation.  I need not resolve the issue of whether the August 2019 dispute letter qualifies as a request for a statement of dispute because Tuttobene has failed to raise a triable issue of fact on damages.

A consumer can recover actual damages and attorney's fees for a negligent violation of FCRA. 15 U.S.C. § 1681o.  Actual damages may include "recovery for emotional distress and humiliation." *Guimond*, 45 F.3d at 1333.

If the consumer cannot show actual damages, he can recover statutory damages, but only for a willful violation. 15 U.S.C. § 1681n(a)(1)(A).  A FCRA violation is willful where the defendant "knowingly or recklessly violated" the Act. *Shaw*, 891 F.3d at 760.  "Recklessness is an objective standard." *Id.*  A defendant acts recklessly "when its action both is a violation under a reasonable reading of the statute's terms and shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* (quotation omitted).  A defendant does not act recklessly if its reading of the statutory text is not objectively unreasonable and it did not act contrary to guidance from courts of appeals or the Federal Trade Commission (FTC). *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).  But

when the defendant's "conduct is so patently violative of the FCRA that any reasonable person would know without guidance that its interpretation was erroneous, closely analogous pre-existing guidance from the courts is unnecessary." *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1031 (9th Cir.), *cert. granted in part on other grounds*, 141 S. Ct. 972 (2020) (quotation omitted).

### i. Actual Damages

In the complaint, Tuttobene identified his actual damages as "fear of credit denials, out-of-pocket expenses in challenging Defendants' wrongful representations, damage to his creditworthiness, and emotional distress." ECF No. 1 at 19. Tuttobene has not presented evidence raising a genuine dispute that Trans Union's alleged violation of § 1681i(c) caused any of these damages.

With respect to fear of credit denials, Tuttobene testified at his deposition that there was no credit that he wanted to apply for but decided not to because of Trans Union's reporting. ECF No. 31-18 at 12. To the extent he had a generalized fear unrelated to a desire to apply for a particular line of credit, that harm is too speculative to support damages. *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 475 (2d Cir. 1995). And if fear of credit denials could be considered a component of emotional distress damages, Tuttobene testified at his deposition that he was not seeking emotional distress damages. ECF No. 31-18 at 7-8. With respect to damage to creditworthiness, Tuttobene was only speculating whether he received less favorable terms from some creditors, and the one creditor who denied him credit did so long before Tuttobene submitted the August 2019 letter. ECF No. 31-18 at 3-4, 8-16. Consequently, that credit denial could not have been caused by the lack of a statement of dispute following the August 2019 letter.

As for out-of-pocket expenses, Tuttobene points to costs he incurred in submitting his second dispute letter. ECF Nos. 28-10; 44 at 21-22. But assuming without deciding that the August 2019 letter could count as a request for a statement of dispute, Trans Union could not have violated § 1681i(c) until after it received the request for a statement of dispute and refused to comply. Consequently, expenses incurred submitting the August 2019 letter were not caused by Trans Union's failure to comply with § 1681i(c). *See Casella*, 56 F.3d at 474 (stating that "expenses incurred merely to notify [the CRA] of inaccurate credit information, and not to force . . . compliance with any specific provision of the statute, cannot be compensable as actual damages for a violation of the FCRA" (internal quotation marks omitted)); 15 U.S.C. § 1681o(a)(1) (allowing a consumer to recover actual damages sustained "as a result of" the FCRA violation).

Despite disclaiming at his deposition that he was seeking certain categories of damages, Tuttobene attached to his motion for summary judgment a declaration in which he states that as a result of Trans Union's actions, he (1) "refrained from applying for credit" until after Trans Union corrected his report, (2) spent gas money driving to and from his attorney's office, (3) spent approximately $10 postage for mailing the two dispute letters, (4) believes "the inaccurate credit information caused [him] to lose out on offers for lower interest rates on car insurance, car loans and a home mortgage," (5) suffered emotional distress, and (6) feared being denied for credit that otherwise would have been approved. ECF No. 28-1 at 3-4. Trans Union objects to this declaration as a sham affidavit that contradicts Tuttobene's deposition testimony. Tuttobene contends that the contradictions impact credibility but should not be decided as a matter of law.

A "party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (quotation omitted). "This

sham affidavit rule prevents a party who has been examined at length on deposition from rais[ing] an issue of fact simply by submitting an affidavit contradicting his own prior testimony, which would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* (quotation omitted). To "trigger the sham affidavit rule, [I] must make a factual determination that the contradiction is a sham, and the inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit." *Id.* (quotation omitted).

Tuttobene's affidavit is clearly and unambiguously inconsistent with his deposition testimony because he is attempting to claim categories of damages that he specifically denied he was seeking at his deposition. His affidavit therefore does not raise a genuine dispute for trial on actual damages.

### ii. Statutory Damages

In his complaint, Tuttobene alleged that Trans Union's violations were willful and thus triggered statutory damages. ECF No. 1 at 19. Tuttobene argues Trans Union violated the requirement to provide a statement of dispute because his request in the August 2019 letter was unambiguous and Trans Union admitted it does not require a particular format for requesting a statement of dispute. Trans Union contends that because it did not negligently violate the statute, it also could not have willfully done so. It also argues that Tuttobene has not shown Trans Union's conduct was willful because he has at best shown it made a mistake.

Tuttobene has not presented evidence from which a reasonable jury could conclude that if Trans Union violated § 1681i(c) by not adding a statement of dispute in response to the August 2019 letter, it did so willfully. Trans Union treated the August 2019 letter as a second initial dispute letter rather than a request for a statement of dispute following completion of the June

2019 reinvestigation. The August 2019 letter reads the same as the June 2019 letter, which everyone agrees was an initial dispute letter. The August 2019 letter states that Tuttobene is "writing to inform [Trans Union] of inaccurate information" in his credit report. ECF No. 28-7 at 4. He requests Trans Union to "look into this and update [his] credit report with the correct information" and to "send this dispute to . . . NAF, so this information can be verified and corrected." *Id.* at 5. He also stated that "[i]f [Trans Union] choose[s] not to correct the disputed information, please include a statement on [Tuttobene's] credit report stating that [he] dispute[s] the above information." *Id.* Finally, he requested "a description of [Trans Union's] reinvestigation procedures as part of the reinvestigation results, so [he] can understand what steps you took to respond to my forgoing disputes, confusion and concerns." *Id.*

By requesting a reinvestigation, the August 2019 letter appears to characterize itself as a second initial dispute letter rather than a request for a statement of dispute following the initial reinvestigation. Although Tuttobene attached the June 2019 letter to his second letter, he does not mention it in his letter, nor does he indicate that his request for a statement of dispute is related to the prior investigation. Instead, the letter states that if the currently requested reinvestigation does not result in correction of the disputed information, he requests inclusion of a statement of dispute.

Given the letter's language, no reasonable jury could find Trans Union's decision to treat it as an initial dispute letter was objectively unreasonable. Further, Tuttobene points to no court of appeals decisions or guidance from the FTC that would have warned Trans Union that it was not complying with FCRA under these circumstances. He cites only a single unpublished district court decision that concluded that a consumer stated a claim at the dismissal stage that a CRA violated § 1681i(c) where, like Tuttobene, the consumer sent a second letter disputing the same

information and requesting a statement of dispute. *See Tempelman v. Trans Union, LLC*, Civil Action No. 14-4922 (MCA), 2015 U.S. Dist. LEXIS 7615, at *7 (D.N.J. Jan. 22, 2015). That is insufficient guidance from which to conclude Trans Union recklessly disregarded its obligations under § 1681i(c).

Because Tuttobene has failed to raise a genuine dispute regarding damages on his § 1681i(c) claim, I deny his motion and grant Trans Union's motion for summary judgment on this claim.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Paul Tuttobene's motions for summary judgment **(ECF No. 28)** and for leave to file a surreply **(ECF No. 54) are DENIED**.

I FURTHER ORDER that defendant Trans Union, LLC's motion for summary judgment **(ECF No. 31) is GRANTED**. The clerk of court is instructed to enter judgment in favor of defendant Trans Union, LLC and against plaintiff Paul Tuttobene and to close this case.

DATED this 28th day of May, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE